UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHEVRON ORONITE COMPANY LLC,**
successor-in-interest to
**CHEVRON CHEMICAL COMPANY**

v.                                                                                    Civil Action No. 2:18-cv-2279

**JACOBS FIELD SERVICES NORTH**
**AMERICA, INC.,** successor-in-interest
to **J.E. MERIT CONSTRUCTORS, INC.**

## COMPLAINT

Plaintiff, Chevron Oronite Company LLC (hereinafter "Chevron Oronite"), by and through undersigned counsel, submits the following Complaint.

### Introduction

1.  Chevron Oronite brings this breach of contract action against Defendant Jacobs Field Services North America, Inc. (hereinafter "Jacobs"), because Defendant has refused to satisfy its contractual obligation to indemnify Oronite.

### The Parties

2.  Plaintiff Chevron Oronite, successor-in-interest to Chevron Chemical Company (hereinafter "Chevron Chemical"), is a wholly owned subsidiary of Chevron U.S.A. Inc. Chevron U.S.A. Inc. is a foreign corporation incorporated in Pennsylvania with its principal place of business in California. Therefore, Chevron Oronite is a citizen of Pennsylvania and California.

1

3.     Defendant Jacobs, successor-in-interest to J.E. Merit Constructors, Inc. (hereinafter "J.E. Merit"), is incorporated and maintains its principal place of business in the State of Texas.

## Jurisdiction

4.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

5.     The Eastern District of Louisiana is a proper venue for this matter pursuant to 28 U.S.C. §1391 because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## Background Facts

6.     On February 10, 1989, Chevron Chemical entered into Contract No. K-2251 with J.E. Merit. Pursuant to the contract, J.E. Merit was to perform maintenance work at the Chevron Chemical facility located in Belle Chasse, Louisiana.

7.     Section 3.4 of Contract No. K-2251 provides:

CONTRACTOR [*i.e.*, J.E. Merit] shall indemnify and save harmless the COMPANY, Chevron Corporation . . . from and against any and all loss, damage, injury, liability to or death of any person . . . including claims and reasonable attorneys' fees relating to the foregoing . . . caused in whole or in part by any act or omission by CONTRACTOR, its employees or agents, in any way connected with this Agreement or CONTRACTOR'S performance hereunder whether or not [the COMPANY] was or is claimed to be concurrently or contributorily negligent, and regardless of whether liability without fault is imposed or sought to be imposed on [the COMPANY] . . . . The foregoing indemnification shall not apply where . . . such loss, damage, injury, liability, death or claim is the result of the negligence or willful misconduct of [the COMPANY].

8.      On February 10, 1990, Chevron Chemical entered into Contract No. K-2542 with J.E. Merit. Pursuant to the contract, J.E. Merit was to perform maintenance work at the Chevron Chemical facility located in Belle Chasse, Louisiana.

9.      Section 3.4 of Contract No. K-2542 provides:

CONTRACTOR [*i.e.*, J.E. Merit] shall indemnify and save harmless the COMPANY, Chevron Corporation . . . from and against any and all loss, damage, injury, liability to or death of any person . . . including claims and reasonable attorneys' fees relating to the foregoing . . . caused in whole or in part by any act or omission by CONTRACTOR, its employees or agents, in any way connected with this Agreement or CONTRACTOR'S performance hereunder whether or not [the COMPANY] was or is claimed to be concurrently or contributorily negligent, and regardless of whether liability without fault is imposed or sought to be imposed on [the COMPANY] . . . . The foregoing indemnification shall not apply where . . . such loss, damage, injury, liability, death or claim is the result of the sole negligence or willful misconduct of [the COMPANY].

10.     The only difference in the provisions quoted above from Contract No. K-2251 and Contract No. K-2542 is in the final sentence of Contract No. K-2542, which includes the word "sole" immediately preceding the word "negligence."

11.     On January 25, 1991, Chevron Chemical entered into Contract No. 2961 with J.E. Merit. Pursuant to the contract, J.E. Merit was to perform maintenance work at the Chevron Chemical facility located in Belle Chasse, Louisiana. Contract No. 2961 contains a provision identical to that of Contract K-2542 as quoted above.

12.     On February 13, 1992, Chevron Chemical entered into Contract No. 3414 with J.E. Merit. Pursuant to the contract, J.E. Merit was to perform maintenance work at the Chevron Chemical facility located in Belle Chasse, Louisiana. Contract No. 3414 contains a provision identical to that of Contract K-2542 as quoted above.

13.     Chevron Chemical satisfied all of its obligations under the above-named contracts.

14. On March 9, 2017, Wayne Bourgeois, a former J.E. Merit employee, filed a Petition for Damages in Civil District Court for the Parish of Orleans, Louisiana, naming Chevron as a defendant.

15. Bourgeois sought damages related to alleged exposure to asbestos materials during the course of his work as an employee for J.E. Merit at Chevron Chemical's facility in Belle Chasse, Louisiana, between 1988 and 1994.

16. Pursuant to the contracts identified above, counsel for Chevron Oronite tendered the defense and indemnity of Chevron Oronite in the lawsuit to Jacobs, as successor-in-interest to J.E. Merit.

17. Counsel for Jacobs rejected the tender.

18. Thereafter, Chevron Oronite settled the Bourgeois lawsuit.

## Breach of Contract

19. Contracts No. K-2251, K-2542, 2961, and 3414 require that Jacobs indemnify Chevron Oronite from "any and all loss, damage, injury, liability to" Wayne Bourgeois. The contracts further require that Jacobs pay all attorney's fees incurred by Chevron Oronite relating to these claims.

20. Jacobs has breached these contractual obligations by failing to indemnify Chevron Oronite for the *Bourgeois* lawsuit and by failing to pay attorney's fees related to the *Bourgeois* lawsuit. Accordingly, Chevron Oronite is entitled to full indemnity for the cost of settlement and cost of defense in the *Bourgeois* lawsuit.

## Damages

Based on the allegations set out in paragraphs 1 through 20, Chevron Oronite respectfully requests that judgment be entered against Defendant for the cost of settlement and defense in the *Bourgeois* lawsuit, attorney's fees and all costs of these proceedings, and all other forms of relief to which Chevron Oronite may be entitled in law or equity, including and together with pre-judgment and post-judgment interest.

Respectfully submitted,

**FORMAN WATKINS & KRUTZ LLP**

*/s/ Erin Wedge Latuso*
ERIN W. LATUSO Bar no. 31560
701 Poydras St., Suite 4350
New Orleans, LA  70139-6001
Telephone:  (504) 799-4383
Facsimile:  (504) 799-4384

**Counsel for Plaintiff,
CHEVRON ORONITE COMPANY LLC**