**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHEVRON ORONITE COMPANY, LLC.**  **CIVIL ACTION**

**VERSUS**  **NO:    18-02279**

**JACOBS FIELD SERVICES NORTH**  **SECTION: "I" (4)**
**AMERICA, INC.**

## ORDER

Before the Court is a **Motion to Compel Discovery (R. Doc. 24)** filed by the Defendant Jacobs Field Services North America Inc. seeking an order compelling Plaintiff Chevron Oronite Company, LLC to provide sufficient responses and document production in response to their First Set of Interrogatories and Requests for Production of Documents. R. Doc. 24. The motion is opposed. R. Doc. 30. Oral argument was heard on August 15, 2018.

## I.    Background

Plaintiff Chevron owned a facility in Belle Chasse, Louisiana. Defendant Jacobs, a contractor, performed work at this facility pursuant to a series of contracts. These contracts included maintenance contract nos. K-2551, K-2542, 2961, and 3414, which were effective between 1988 and 1994 ("Contracts"). These Contracts contained provisions where Jacobs promised to indemnify Chevron for claims arising from Jacobs' work at the Chevron facility, and all applied to welders.[1]

Between 1988 and 1994 an employee of Jacobs named Wayne Bourgeois worked for Jacobs at the Chevron facility as a welder. On March 9, 2017, Bourgeois sued Chevron, alleging exposure to asbestos during his time spent at the Chevron facility. On November 7, 2017, Chevron tendered a letter to Jacobs demanding that they defend and indemnify them from Mr. Bourgeois'

---

[1] At oral argument, counsel for Jacobs conceded that the contracts applied to welders.

lawsuit pursuant to the indemnity provisions within the Contracts. R. Doc. 28-14. Jacobs did not defend Chevron against Mr. Bourgeois' suit. After tendering the November 7, 2017, letter to Jacobs, Chevron settled with Mr. Bourgeois for $550,000.

This matter was originally filed in the District Court on March 2, 2018. R. Doc. 1. Chevron alleged that Jacobs had refused to indemnify them for their settlement with Mr. Bourgeois pursuant to the Contracts. The Motion before the Court, filed by Jacobs, seeks to compel Chevron to respond to interrogatories and requests for production pertaining to the presence of asbestos at the Chevron facility. R. Doc. 24.

Chevron opposes the Motion. R. Doc. 30. Chevron argues that because they tendered their defense to Jacobs in the November 7 letter, and because Jacobs refused this defense, all of Jacobs' requested discovery is irrelevant because it seeks to establish whether Chevron was *actually* liable to Mr. Bourgeois rather than just *potentially* liable to Mr. Bourgeois. Prior to filing the Motion to Compel, on June 27, 2018, and July 5, 2018, Jacobs conferred by e-mail with Chevron in an attempt to resolve the dispute without seeking relief from the court. R. Doc. 24-3. Jacobs and Chevron conferred by telephone conference on July 13 and July 30, 2018, again without success in resolving the dispute. *Id.*

## II.    <u>**Standard of Review**</u>

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or

electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

**III.    Analysis**

**A.    Rule 37(a)(1)**

As a gatekeeper matter, the Court finds that Jacobs has attempted in good faith to resolve this discovery dispute before seeking relief from the Court, as required by Rule 37(a)(1). Jacobs

conferred with Chevron via e-mail on June 27 and July 5, 2018, and by phone conference on July 13 and July 30, 2018. The Court also notes that Jacobs has provided the necessary Rule 37(a)(1) certificate. R. Doc. 24-1, p. 3. Because Jacobs has fulfilled its Rule 37(a)(1) obligations, the Court now turns to the discovery dispute before the Court.

### B.    <u>Actual Liability versus Potential Liability</u>

Chevron claims that because they tendered their defense of Mr. Bourgeois' suit to Jacobs in the November 7, 2018, e-mail, they must now only prove that they were potentially liable to Mr. Bourgeois, not actually liable, in order to be indemnified by Jacobs under their contracts. Because they must only prove potential liability to Mr. Bourgeois, Chevron argues that Jacobs' discovery is irrelevant because it seeks if Chevron was actually liable to Mr. Borgeois.

As a general rule, an indemnitee such as Chevron must establish actual liability and the reasonableness of its settlement to recover from the indemnitor.[2] But an indemnitee need only establish potential liability in certain situations. The Fifth Circuit has provided:

> "[An indemnitee] need only show potential (rather than actual) liability to recover indemnity where either (1) the defendant tenders the defense of the action to the indemnitor; (2) the claim for indemnity is founded upon a judgment; [or] (3) the defendant's claim is based on a written contract of insurance or indemnification."

*Bourg v. Chevron U.S.A., Inc.*, 91 F.3d 141 (5th Cir. 1996).

Courts in the Fifth Circuit have applied the holding from *Bourg*, finding that actual liability "does not apply in situations where the indemnitor was tendered the defense and refused it, or where the indemnitee's claim against the indemnitor is based on a written contract. Then potential

---

[2] *Terra Resources v. Lake Charles Dredging & Towing*, 695 F.2d 828, 831 (5th Cir. 1983); *Gaspard v. Offshore Crane & Equip., Inc.*, No. 94-261, 1998 WL 388597, *9 (E.D. La. July 8, 1998) ("When an indemnitee settles with a plaintiff, without giving the indemnitor notice and an opportunity to take over the defense and/or acquiesce in the settlement, then the indemnitee must establish its actual liability and that the settlement was reasonable."); *see also Chevron Oronite Company, LLC v. Cajun Company,* No. CV 16-10594, 2017 WL 3438340 (E.D. La. Aug. 10, 2017).

liability need be shown." *Gaspard*, 1998 WL 388597 at *9; *Chevron Oronite Company,* LLC, 2017 WL 3438340 at *7; *see also Parfait v. Jahncke Serv., Inc.*, 484 F.2d 296, 304 (5th Cir. 1973).

The Fifth Circuit has noted a policy consideration that allowing an indemnitee to tender its defense to the indemnitor is a "practical device by which an indemnitee can protect himself against the awkward possibility of having to prove the original plaintiff's case against himself, the original defendant." *Parfait*, 484 F.2d at 304-05. The Court further noted that, if the indemnitor approves the settlement, or defends against it unsuccessfully, then the indemnitor "cannot later question the indemnitee's liability to the original claimant . . . . [i]f the indemnitor declines to take either course, then the indemnitee will only be required to show potential liability to the original plaintiff in order to support his claim against the indemnitor." *Id.*

Here, Jacobs has declined to take either course. On November 7 Chevron demanded Jacobs defend and indemnify them under the applicable Contracts' indemnity provisions. At oral argument, it was undisputed that this tender occurred, it was undisputed that the Contracts all contained indemnity provisions, and it was undisputed that Contracts applied to welders, the position that Bourgeois filled at the Chevron facility while he worked for Jacobs. Finally, it is undisputed that Jacobs did not accept Chevron's defense against Bourgeois' suit. Therefore, because it is undisputed that Jacobs as the indemnitor "was tendered the defense and refused," it is also clear that Chevron as the indemnitee need only prove potential liability to Mr. Bourgeois. *Gaspard*, 1998 WL 388597 at *9; *Chevron Oronite Company,* LLC, 2017 WL 3438340 at *7.

### C.    The Relevancy of Jacobs' Discovery

Courts have repeatedly held that potential liability is a less rigorous exception to actual liability.[3] To be relevant to proving potential liability, discovery must be sought to show that the

---

[3] *Wisconsin Barge Line, Inc. v. Barge Chem* 300, 546 F.2d 1125, 1127 (5th Cir. 1977) (. . . defendants **need only** show potential (rather than actual) liability to recover indemnity . . . .) (emphasis added); Gilbert *v. Offshore*

original "claim was not frivolous, that the settlement was reasonable, that it was untainted by fraud or collusion, and that the indemnitee settled under a reasonable apprehension of liability." *Bourg*, 91 F.3d at 141 (citing *Fontentot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1218 (5th Cir. 1986). As a result, Jacobs' defense involves showing the inverse—that Mr. Bourgeois' claim was frivolous, that Chevron's settlement was unreasonable, that there was collusion between Mr. Bourgeois and Chevron, or that Chevron settled with an unreasonable apprehension of liability. Therefore, discovery that seeks to address Chevron's *potential* liability to Mr. Bourgeois is relevant, and discovery that seeks to address Chevron's *actual* liability to Mr. Bourgeois is irrelevant.

Interrogatory Nos. 1-7 seek the identification of individuals employed at Chevron who would have "knowledge of the development of safety procedures at the plant during that time; procedures to be followed by contractors during that time; materials purchased and [asbestos] abatements conducted during that time; industrial hygiene protocols and medical in effect during that time; and other relevant matters." R. Doc. 24-6; R. Doc. 24, p. 4-5. Specifically, Interrogatory Nos. 5 and 7 seek identification of all employees or former employees of Chevron who were responsible for purchasing or who acted as maintenance supervisors at the Chevron facility. R. Doc. 24-6. Jacobs claims these Interrogatories are relevant because "[t]hose individuals responsible for purchasing would presumable have knowledge as to whether asbestos-containing materials were present at the Chevron Chemical facility in Belle Chasse . . . and whether any such materials were still being purchased for use at the facility during the time period in which Mr. Bougeois worked there." R. Doc. 24, p. 4-5.

---

*Production & Salvage*, 1997 WL 149959 at *12 (E.D. La. March 21, 1997) (". . . **need only** demonstrate potential vice actual liability . . . .) (emphasis added); *Chevron Oronite Company, LLC*, 2017 WL 3438340 at *7 ("an indemnitee **need only** establish potential liability in certain situations) (emphasis added).

Finally, Jacobs' Request for Production Nos. 15 and 16 sought the production of "all abatement records and air monitoring records for the Chevron facility." *Id.*, p. 6. Jacobs notes that this information is relevant because abatement records may show all the asbestos had been removed, and that "Mr. Bourgeois could not have been exposed to asbestos at Chevron." *Id.* Jacobs' Request for Production Nos. 17-19 seek contractor handbooks and asbestos handling guidelines. *Id.* Jacobs itself acknowledges that the disputed discovery seeks Chevron's actual liability, noting that the discovery was meant to identify "whether Mr. Bourgeois was exposed to asbestos while working at Chevron." R. Doc. 24, p. 24.

None of the disputed discovery is relevant to proving whether Mr. Bourgeois' claim was frivolous, or that the settlement was reasonable, or that it was untainted by fraud or collusion, or that the indemnitee settled under a reasonable apprehension of liability. *Bourg*, 91 F.3d at 141 (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1218 (5th Cir. 1986). At oral argument, counsel for Jacobs argued that potential and actual liability constitute a "distinction without a difference." The overwhelming weight of Fifth Circuit case-law applying potential liability as being a less rigorous exception to actual liability strongly proves otherwise. *Wisconsin Barge Line, Inc. v. Barge Chem 300*, 546 F.2d 1125, 1127 (5th Cir. 1977); *Gilbert v. Offshore Production & Salvage,* 1997 WL 149959 at *12 (E.D. La. March 21, 1997) *Chevron Oronite Company, LLC,* 2017 WL 3438340 at *7 (E.D. La. Aug. 10, 2017); *Fontentot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1218 (5th Cir. 1986); *Parfait v. Jahncke Serv., Inc.*, 484 F.2d 296, 304 (5th Cir. 1973); *Gaspard v. Offshore Crane & Equip., Inc.*, No. 94-261, 1998 WL 388597, *9 (E.D. La. July 8, 1998).

Accordingly,

**IT IS ORDERED** Plaintiff's objections to Interrogatory Nos. 1-7 and Request for Production Nos. 15-19 are hereby **SUSTAINED** and the Motion to Compel (R. Doc. 24) is **DENIED.**

New Orleans, Louisiana, this 5th day of September 2018.

_____

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**